# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

John H. Tate, )
          Movant, )
vs. ) No. 06-0728-CV-W-FJG
) Crim. No. 00-0237-02-CR-W-FJG
United States of America, )
          Respondent. )

## ORDER

Pending before this Court is movant's motion pursuant to 28 U.S.C. 2255 to vacate, set aside, or correct his sentence (Doc. #3), filed September 25, 2006; the government's response (Doc. #4), filed September 28, 2006; and movant's traverse (Doc. #6), filed October 31, 2006. The Court finds that it has jurisdiction over this matter.

Movant entered a guilty plea on October 5, 2000. Thereafter, on March 21, 2001, he was sentenced to a term of imprisonment, to be followed by a term of supervised release. Defendant timely filed an appeal to the Eighth Circuit Court of Appeals who subsequently issued a decision affirming this Court.

Movant began his term of supervised release on June 29, 2004. On March 30, 2006, this Court held a hearing regarding alleged violations of the conditions of movant's term of supervised release, and movant was revoked and sentenced to a term of 21 months imprisonment. Movant now alleges that that sentence violates 18 U.S.C. §§ 3583(e)(3) and (h), and Chapter 7 of the United States Sentencing Guidelines and is unreasonable. The Government responds that movant has forfeited his right to bring this claim because that claim was not raised on direct appeal and may not be litigated in a motion under § 2255, and that movant's claims are counter to statue and Eighth Circuit case law.

## JUDGMENT

Upon review of movant's 28 U.S.C. § 2255 motion (Doc. # 3) the government's response (Doc. #4), and movant's traverse (Doc. #6), the Court hereby denies movant's

request to vacate, set aside or correct the sentence herein. The Court believes the arguments set forth by the respondent present a thorough legal and factual analysis and adopts respondent's analysis and conclusions as its own by reference hereto.

For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #3), filed September 25, 2006, is hereby denied.

The Court further finds that the issues presented by movant are resolvable by the record and, therefore, no evidentiary hearing will be granted.

The Court will not issue a certificate of appealability in this matter. A certificate of appealability will be issued only if petitioner makes a substantial showing of the denial of a constitutional right and has indicated which specific issue or issues satisfy the showing required has been made. 28 U.S.C. § 2253(c)(2) and (3). Additionally, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quoting Barefoot v.Estelle, 463 U.S. 880, 893 n.1 (1983)) (alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), movant has failed to meet this burden.

                                           /s/Fernando J. Gaitan, Jr.
                                           Fernando J. Gaitan, Jr.
                                           United States District Judge

Dated: December 19, 2006
Kansas City, Missouri